UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ANDREW D. WETZEL | CIVIL ACTION |
|---|---|
| VERSUS | NO. 09-0166 |
| ST. TAMMANY PARISH JAIL, ET AL. | SECTION: "N"(3) |

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Andrew D. Wetzel, who is presently incarcerated in the St. Tammany Parish Jail, filed a *pro se* and *in forma pauperis* complaint naming as defendants the St. Tammany Parish Jail, the St. Tammany Parish Sheriff's Office, Sheriff Jack Strain, Jr., and Lieutenant Gregory Longino. Plaintiff complains that during his confinement in the St. Tammany Parish Jail, because "the pod deputy was not doing his job", plaintiff was assaulted by a Louisiana Department of Corrections inmate. As a result of this assault, plaintiff claims that he suffered injuries for which he received "no medical care."

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[1]

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6.

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

Broadly reading plaintiff's complaint,[2] the Court finds that plaintiff's claims against some of the named defendants should be dismissed as frivolous and for failing to state a claim on which relief may be granted.

Plaintiff has named the St. Tammany Parish Jail as a defendant. "[A] jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983." Castillo, 2007 WL 2264285, at *4; see also Martinez v. Larpenter, Civ. Action No. 05-874, 2005 WL 3549524, at *5 (E.D. la. Nov. 1, 2005); Cullen v. DuPage County, No. 99-C-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); Whitley v. Westchester County Correctional Facility Administration, No. 99-CIV-0420(SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (E.D. Pa. 1976).

Plaintiff has also improperly named the St. Tammany Parish Sheriff's Office as a defendant. However, "[a] sheriff's office is not a legal entity capable of being sued ...." Cozzo v. Tangipahoa Parish Council–President Government, 279 F.3d 273, 283 (5th Cir. 2002); see also Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *4 (E.D. La. Aug. 1, 2007); Causey v. Parish of Tangipahoa, 167 F. Supp. 2d 898, 904 (E.D. La. 2001); Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988).

Because the St. Tammany Parish Jail and the St. Tammany Parish Sheriff's Office are improper defendants, the claims against those defendants should be dismissed.

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

However, plaintiff has properly named Sheriff Strain and Lieutenant Longino as defendants and stated a cognizable, non-frivolous "failure to protect" claim against them.[3] Accordingly, at least at this point, plaintiff's claims against Sheriff Strain and Lieutenant Longino should be allowed to proceed.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's claims against the St. Tammany Parish Jail and the St. Tammany Parish Sheriff's Office be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's remaining claims against Sheriff Strain and Lieutenant Longino be allowed to proceed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-eighth day of January, 2009.

---

[3] "[T]he State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including ... protection from harm, during their confinement." Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996) (en banc). An inmate who alleges that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection states a cognizable "failure to protect" claim. See Jones v. Greninger, 188 F.3d 322, 326 (5th Cir. 1999).

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**